IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THE OHIO CASUALTY INSURANCE
COMPANY,

      Plaintiff,

  v.

FERRELL DEVELOPMENTS, LLC, an
Oregon limited liability company, and BILL
ERICKSON HEAVY CONSTRUCTION,
INC., an Oregon corporation,

      Defendants.

No. 03:10-CV-162-AC

ORDER

Michael A. Lehner
Iayesha E.J. Smith
LEHNER & RODRIGUES, PC
1500 SW First Avenue, Suite 1150
Portland, OR 97201

1 - ORDER

Attorneys for Plaintiff

Stuart M. Brown
WILES LAW GROUP, LLP
510 SW 5th Ave., 6th Floor
Portland, OR 97204

Richard A. Lee
Bryana L. Sack
Vicki M. Smith
BODYFELT MOUNT LLP
707 SW Washington Street, Suite 1100
Portland, OR 97205

Attorneys for Defendants

HERNANDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation (# 56) on July 27, 2011, in which he recommends the Court should grant Ohio Casualty's motion (#35) for summary judgment and should enter a judgment declaring that Ohio Casualty is not obligated under the Policy to indemnify defendant Bill Erickson Heavy Construction, Inc. for the damages assessed against it by the Arbitrator in the Award. Judge Acosta also recommended that Erickson's oral motion to amend its answer, made during oral argument, should also be denied. Erickson timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendant Erickson raised the following three objections to the Findings and

Recommendation: (1) Erickson was erroneously given the burden to establish how much of the arbitration award was due to negligence, rather than breach of contract; (2) Exclusions J(5) and J(6) should not have been applied to exclude coverage; and (3) Exclusion M, the impaired property exclusion, also should not have been applied.  I have carefully considered defendant Erickson's objections and conclude that the objections do not provide a basis to modify the recommendation that Ohio Casualty's summary judgment be granted.  I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings and Recommendation (#56). Therefore, Ohio Casualty's motion (#35) for summary judgment is GRANTED and a judgment declaring that Ohio Casualty is not obligated under the Policy to indemnify Erickson for the damages assessed against it by the Arbitrator in the Award will be entered.  Erickson's oral motion to amend its answer, made during oral argument, is also DENIED.

IT IS SO ORDERED.

DATED this  7th   day of November, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge